## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| (1) DONNA GENZLER, | ) | |
| (2) DENNIS LEWIS, | ) | |
| (3) GOLDIE ENGLAND, | ) | |
| (4) BARBARA ERVIN, | ) | |
| (5) MIGUEL CAMPOS, | ) | |
| (6) CHERRI PUNNEO, | ) | |
| (7) DAVID MCCAIG, | ) | |
| (8) TAMMY HEBERT | ) | No.13-315 |
| for themselves and on behalf of | ) | (Judge Bruggink) |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| (1) THE UNITED STATES | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER

Plaintiffs Donna Genzler, Dennis Lewis, Goldie England, Barbara Ervin, Miguel Campos, Cherri Punneo, David McCaig and Tammy Hebert for themselves and on behalf of other similarly situated ("Plaintiffs') submit this Response to Defendant's Motion to Transfer.

## ARGUMENT

Plaintiffs bring this action for violations of the Fair Labor Standards Act due to Defendant's failure to properly compensate Plaintiffs for overtime hours they worked at Tinker Air Force Base.  Plaintiffs seek damages in an amount which is believed to be in excess of $10,000.00, to be proven at trial after discovery from Defendant of the amount of overtime hours worked by Plaintiffs, plus liquidated damages, reasonable attorneys' fees, costs of suit, and for all other appropriate relief.

The Tucker Act, 28 U.S.C. §1491 et seq., vests exclusive jurisdiction in the Court of Federal Claims over non-tort claims against the United States for damages in excess of $10,000.

Accordingly Plaintiffs filed suit in this Court.  Indeed, earlier this year in a similar case filed in

the Western District of Oklahoma against the United States for overtime pay under the FLSA,

the United States moved to transfer the action from the Western District of Oklahoma to the

United States Court of Federal Claims.  Attached as Exhibit 1 is the Defendants' Motion to

Dismiss for Want of Subject Matter Jurisdiction in *Thomas Harrison v. United States*

*Department of Defense*, CIV-12-1415-F in which, as alternative relief to dismissal, the United

States took the position:

> As Plaintiff's non-tort monetary claim exceeds $10,000, the United States Court
> of Federal Claims has exclusive jurisdiction and this case should be transferred to
> that court. *Waters v. Rumsfeld*, 320 F.3d 265, 270-72 (D.C. Cir. 2003).

*See* Motion to Dismiss, Ex. 1 at p. 5.  On April 30, 2013, the Western District transferred the

*Harrison* case to this Court.

Now in the current lawsuit, the United States is taking a completely opposite position

seeking transfer of the case to the Western District of Oklahoma, based upon a "recent decision"

of the United States Supreme Court.  However the decision in *United State v. Bormes*, 133 S. Ct.

12 (2012), predated the United States' transfer request in *Harrison*.

Moreover, *Bormes* was a Fair Credit Reporting Act ("FRCA") case in which the Supreme

Court specifically stated that the Tucker Act was superseded by FRCA's language stating that

plaintiffs may pursue their action "in any appropriate United States district court, without regard

to the amount in controversy . . ."  A central holding of *Bormes* and additional Supreme Court

precedent is that, for the Court of Federal Claims to be without jurisdiction, the statute under

which a plaintiffs' claims arise must specify the court in which the claims against the

Government must be brought.  While FRCA has clear language as to the appropriate forum

"without regard to the amount in controversy", the FLSA's language is certainly not as clear.

Even the Defendant concedes that the FLSA "does not specifically name the district court or any

other particular court as the appropriate forum for suits." *See* Motion to Transfer at p. 8. Nor does the FLSA deal with the amount in controversy issues. Since the FLSA does not "precisely define the appropriate forum" in which to bring suit, Tucker Act jurisdiction is not displaced under the *Bormes* decision. *See also Horne v. Department of Agriculture*, 2013 U.S. LEXIS 4357, \*\*25 (June 10, 2013)(Tucker Act jurisdiction is withdrawn only if the underlying statute at issue "afford[s] . . . a ready avenue to bring [a claim]."); *Zumerling v. Devine*, 769 F.2d 745, 749 (C.A. Fed. 1985)(Tucker Act is applicable jurisdictional statute for FLSA claims).

After counsel for Defendant asked Plaintiffs' counsel whether they objected to a Motion to Transfer, counsel for Plaintiffs informed Defendant that there appeared to be a valid argument that the Tucker Act's jurisdiction was not displaced under the *Bormes* decision with respect to FLSA claims. For example, in another case pending in this Court this exact issue has been briefed and appears to be currently at issue. *See Abbey v. United States*, 2013 WL 4077015 (C.A. Fed. 07-CV-272).

While Plaintiffs do not object to the action being transferred to the Western District of Oklahoma, Plaintiffs do object to the extent Defendant intends to take the position that Plaintiffs' recovery is limited to claims under $10,000. The exact amounts of the unpaid overtime claims are not yet known at this stage in the litigation and Plaintiffs do not want to waive or be barred from seeking damages and fees over $10,000.

## CONCLUSION

For these reasons, Plaintiffs object to the requested transfer until such time as the amount in controversy issues are resolved.

3

Respectfully submitted,

_s/Todd Taylor_____

TODD TAYLOR, OBA # 12007
TAYLOR & STRUBHAR
5761 Northwest 132nd Street,
Oklahoma City, Oklahoma 73142
Phone: (405) 470-6649
Fax: (405) 470-6643

September 9, 2013                  ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF FILING

I hereby certify that on this 9th day of September 2013, a copy of the foregoing "PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER" was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_s/Todd Taylor_____